**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4773**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSEPH TROY MCCONNELL,

Defendant – Appellant,

RANDY MARTIN; LUTHER BRYAN; ALISIA H. AKBAR; LACARIA BROWN; GEORGEAN MCCONNELL; GUSSIE D. NOLLKAMPER; FLORENCE NOLLKAMPER; CHRISTOPHER M. MORRIS; LAVACA COUNTY TEXAS; JOSEPH E. MCCONNELL; JOHN M. WARTHER; WELLS FARGO HOME MORTGAGE, INCORPORATED; CHERYL L. AMAKER; DONNA C. ADKINS; CHASE MANHATTAN MORTGAGE CORPORATION,

Parties-in-Interest.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:02-cr-00548-CMC-15)

Submitted: April 22, 2009          Decided: May 8, 2009

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John Preston BAILEY, Chief United States District Judge for the Northern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Beth Drake, Mark C. Moore, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Troy McConnell was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession with intent to distribute and distribution of 500 grams of cocaine on September 20, 2001, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 330 months in prison. McConnell appealed, challenging his convictions and sentence. We affirmed McConnell's convictions and rejected claims relating to his sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 188-month variant sentence on McConnell and McConnell timely appealed. Counsel for McConnell has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that McConnell contends that his 188-month variant sentence was "unreasonably high." Counsel has also filed a motion for leave to withdraw as counsel of record in this case.

McConnell has filed a pro se supplemental brief asserting that the district court: (i) improperly calculated his

3

Guidelines range when it increased his offense level two levels, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2003); and (ii) violated the Sixth Amendment and the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), when it refused to instruct the jury to determine the amount of drugs that should be attributed to him, as now required by United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005) (holding that in order for a trial court to determine which of the three graduated penalty subsections of 21 U.S.C. § 841(b) applies to defendants convicted of a § 846 drug conspiracy, the jury must be instructed to determine the threshold quantity of drugs attributable to each conspiracy defendant on trial). The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. First, McConnell's arguments pertaining to his Guidelines range calculation and the district court's failure to instruct the jury regarding the amount of conspiracy drugs to be attributed to him were either litigated by McConnell on his

4

first appeal and were rejected, or could have been litigated but were not. See, e.g., Davis, 270 F. App'x at 249-56 & n.16 (instructing the district court that "because we have found no reversible Collins error, the statutory penalty scheme of § 841(b)(1)(A), with its attendant statutory minima and maxima, remains the proper framework, in which to consider Appellants' new sentences"). Accordingly, the mandate rule precludes their present consideration by this court. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to

5

the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Because McConnell's claims do not fall within any of the above-mentioned exceptions, he may not pursue these challenges on this appeal.

We also reject McConnell's suggestion that his variant sentence is unreasonably high. After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62.

While the court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-

discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

We find the district court's 188-month variant sentence to be reasonable. On remand, the district court entertained counsel's argument regarding the weight that should be afforded the § 3553(a) factors, heard from McConnell's mother, allowed McConnell an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing McConnell's sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence and that the reasons relied upon by the district court are valid considerations under § 3553(a) and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment. At this juncture, we also deny counsel's motion for

leave to withdraw as counsel of record. Rather, this court requires that counsel inform McConnell in writing of his right to petition the Supreme Court of the United States for further review. If McConnell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McConnell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED